FILED
United States Court of Appeals
Tenth Circuit

December 11, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVIER ZAMBRANO-SANCHEZ,

Defendant - Appellant.

No. 15-3018

(D.C. No. 2:14-CR-20038-JAR-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY, BRISCOE,** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Javier Zambrano-Sanchez pled guilty to conspiracy of possession with intent to

distribute more than fifty grams of methamphetamine and cocaine.  He was subsequently

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to ten years in prison, followed by five years of supervised release. The district court imposed thirteen "standard" conditions on Zambrano-Sanchez's supervised release, all of which are substantially similar to those recommended in U.S.S.G. § 5D1.3(c). Zambrano-Sanchez filed this appeal challenging three of those conditions as being impermissively vague.

In its response brief, the government asks this court to enforce the appellate waiver set forth in the parties' plea agreement, wherein Zambrano-Sanchez "knowingly and voluntarily waive[d] any right to appeal . . . [the] conditions of supervised release." ROA Vol. I at 39. In support of this request, the government cites to United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004), which requires enforcement of an appellate waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." Zambrano-Sanchez did not timely file a reply to the government's brief contesting any of these considerations, so we need not address them. See United States v. Porter, 405 F.3d 1136, 1143 (10th Cir. 2005) (declining to address a Hahn consideration not contested on appeal). In any event, our review of the plea agreement, the transcript of the plea hearing, the transcript of the sentencing hearing, and the judgment suggests that the waiver should be enforced.

The government's request to enforce the appellate waiver[1] is granted, and the appeal is dismissed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Although we encourage motions to enforce an appeal waiver to be filed early, such a request is not waived if first raised in the government's merits brief. See 10th Cir. R. 27.2(A)(3).